O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA B. RUSH,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. CV 14-00385 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　Plaintiff Monica B. Rush seeks review of the Social Security Commissioner's decision that she is not entitled to receive disability benefits. She argues that the Administrative Law Judge wrongly determined that she was suited for particular jobs identified by the vocational expert. She seeks reversal and either remand or an order awarding her benefits.

　　　　　A preliminary problem confronts her, however. This was not her first denial of disability benefits, but her second. And she has not overcome the presumption that, since she was once found not to be disabled, non-disability continues to be her status.

　　　　　On December 3, 2010, the Commissioner denied Plaintiff's first application for disability benefits. [AR 76-84] Nine months later, Plaintiff filed the application that gave rise to the present appeal. [AR 168] Plaintiff has asserted that the onset of her

disability occurred on December 4, 2010 [*id.*] — that is, one day after the Commissioner determined that she was *not* disabled.

In a long line of cases, the Court of Appeals has held that an adjudication of non-disability leads to a presumption of continuing non-disability. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985); *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566. 568 (9th Cir. 1983). An applicant can rebut this presumption by showing that circumstances have changed; if circumstances have changed, then a previously able person could, in theory, have become disabled.

The Administrative Law Judge here specifically found that circumstances had *not* changed, and that the presumption of continuing disability therefore applied:

> In this case, the claimant has failed to prove changed circumstances indicating a greater disability than established in the prior decision. There was no change in criteria for considering the claim, no evidence submitted that new impairments exist, although alleged, and no evidence that the previously found impairments had significantly worsened. Therefore, the claimant has not rebutted the presumption of continuing non-disability. The claimant is found not disabled at Step Five in this decision.

[AR 24] In this Court, Plaintiff did not challenge this finding of the Administrative Law Judge.

In fact, initially neither party even addressed this finding, except for a footnote reference by the Commissioner. The Court therefore called for additional briefing. The Government asserted that this finding was conclusive and that the Administrative Law Judge made a further adjudication at Step Five probably out of an abundance of caution. Plaintiff took a different tack. Relying on *Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th

Cir. 2012), Plaintiff asserts that the presumption of continuing non-disability "is no longer a valid legal rationale applicable to Social Security Administration hearings." (Plaintiff's Supplemental Memorandum of Points and Authorities at 2:19-20.)  Plaintiff states that *Garfias-Rodriguez* stands for the proposition that a Court must defer to an agency interpretation of an ambiguous statute when that interpretation is made after a Court has interpreted the statute to the contrary; that the Social Security Administration, in its Acquiescence Ruling 97-4(9), interpreted "the ambiguous statute" (which Plaintiff does not identify) "to hold the opposite of *Chavez*" (Plaintiff's Supp. Mem. at 4:7-11); and that therefore "the presumption of continuing non-disability . . . does not survive in light of the Commissioner's interpretation that Ms. Rush was entitled to a de novo review." (Plaintiff's Supp. Mem. at 4:18-22.)

        There are many problems with Plaintiff's analysis, but the Court will focus on the most glaring: Plaintiff has completely mis-stated the Commissioner's Acquiescence Ruling.  Following *Chavez*, the Commissioner did issue an acquiescence ruling, but it states the exact opposite of what Plaintiff says.  Plaintiff quotes from a portion of the ruling stating that the Social Security Administration considers the facts de novo when determining disability with regard to an unadjudicated period, and that under Social Security policy, a prior final decision that a claimant is not disabled does not give rise to any presumption of a continuing condition of non-disability.  This portion of the Acquiescence Ruling, however, comes under the heading "Statement As to How *Chavez* Differs From Social Security Policy."  It is not a prescription of how the Social Security Administration will act *after* the *Chavez* decision; it is a description of what the Administration's policy was *before* the *Chavez* decision.  The Acquiescence Ruling goes on, under the heading "Explanation of How SSA Will Apply The *Chavez* Decision Within The Circuit," to make clear that it is adopting *Chavez* as its policy — that is, it is acquiescing in the *Chavez* decision.  It then says directly:  "When adjudicating the subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to

that period, unless the claimant rebuts the presumption." Far from saying that the Commissioner will not apply a presumption of non-disability, then, the Acquiescence Ruling states directly that the Commissioner *will* apply a presumption of non-disability.

Plaintiff's contrary statement to this Court is such an egregious mis-statement of the Commissioner's Acquiescence Ruling that the Court must wonder whether it constitutes a deliberate attempt to mislead the Court, and whether the Court should sanction Plaintiff for this tack. It appears barely conceivable that an attorney could so misconstrue a ruling. In the exercise of prudence, however, the Court will act on the assumption that counsel has been sloppy but not deliberately misleading.

Plaintiff then goes on to assert that, even if the presumption of continuing non-disability applies, that Plaintiff rebutted that presumption. She says that on this decision the Administrative Law Judge found that Plaintiff had the residual functional capacity to perform simple repetitive work with one to two step instructions, whereas in the prior decision the Administrative Law Judge found that Plaintiff had the residual functional capacity to perform simple repetitive tasks. Because Plaintiff believes that the language about one to two step instructions is a greater limitation, Plaintiff says that the Administrative Law Judge found that Plaintiff's impairment was greater on the second decision than on the first, and any presumption of continuing non-disability has been rebutted.

Plaintiff thus does not say that in fact any impairment has worsened — that is, Plaintiff does not say that substantial evidence to support the Administrative Law Judge's decision was lacking — but rather that the Administrative Law Judge, by her findings, implicitly acknowledged that Plaintiff's impairment has worsened. This is unpersuasive.

To begin with, on the second decision, the Administrative Law Judge barely found that Plaintiff *had* a severe impairment; the only impairment that she identified was a history of alcohol abuse [AR 24], whereas on the first decision the Administrative Law Judge had found that Plaintiff had two severe impairments — a history of alcohol

dependence, and major depressive disorder. [AR 78] Thus, if one were to draw inferences by implication, one well might say that Plaintiff had *improved*, because there was not a finding of a severe impairment of depression on the second decision. Even more important, however, is the stubborn fact that the Administrative Law Judge *explicitly* found that there was "no evidence that the previously found impairments had significantly worsened." [AR 24] One need not look to implication in the face of such a direct statement. In light of these facts, Plaintiff's argument that her impairment had worsened and therefore she had rebutted the presumption of continuing non-disability is not persuasive.

The Administrative Law Judge having found that Plaintiff did not rebut the presumption of continuing non-disability determines the outcome of this appeal. Any further decision by the Administrative Law Judge, specifying certain jobs that Plaintiff could perform, was unnecessary and would not affect the decision by this Court. It appears to the Court that Plaintiff's argument on that matter is unavailing, in attempting to bootstrap sub-parameters within the DICTIONARY OF OCCUPATIONAL TITLES into this Social Security Appeal, but the Court need not specifically so rule. The Administrative Law Judge committed no error in applying the presumption of continuing non-disability, and substantial evidence supported the Administrative Law Judge's decision.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: November 3, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE